AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br>HERMAN MCGEE<br><br>Defendant(s) | )<br>)<br>) Case No. 1:mj 15 504<br>)<br>)<br>) |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 12 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  January 9, 2015  in the county of  Harrison  in the
Southern District of  Mississippi , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to possess with intent to distribute narcotics, to wit in excess of 500 grams of Cocaine HCL |

This criminal complaint is based on these facts:
See attached affidavit attached hereto and incorporated herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

Robert Drace, TFO DEA
Printed name and title

Sworn to before me and signed in my presence.

Date:  JAN. 12, 2015

_____
Judge's signature

City and state:  Gulfport, Mississippi      Robert H. Walker, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Robert W. Drace, being a first duly sworn, state as follows:

## Introduction

I, Robert W. Drace, am currently serving as a Task Force Agent (TFA) with the United States Department of Justice, Drug Enforcement Administration (DEA). I have been in this capacity since September 2013. Prior to serving as a TFA, I served as a Deputy for the Harrison County Sheriff's Office for over thirteen years with the last three years being assigned to the narcotics division. In my tenure as a law enforcement officer, I have participated in numerous investigations of illegal narcotics trafficking to include violations of Title 21 of the United States Code. Many of the investigations involved the sale, transportation, and distribution of narcotics often leading to arrest and subsequent due process proceedings.

## Probable Cause Factual Basis

Your affiant states that on January 9, 2015, Harrison County Sheriff's Office Deputies Danny Gilkerson and Tony Sauro were conducting routine patrol on the eastbound lanes of Interstate 10 in Pass Christian, Mississippi. At approximately 9:44 am, Deputy Gilkerson observed a silver Nissan Maxima bearing Florida License Plate U201WE following a white Chevrolet Impala at an unsafe distance near the 19 Mile Marker. Deputy Gilkerson proceeded into traffic and initiated a traffic stop on the Nissan Maxima at the 24 Mile Marker and made contact with the driver, identified as Michael Ricks and three passengers identified as Trumaine Muller, Antonio Allen, and Herman McGee all of Jacksonville, Florida. While conversing with the driver about the violation, Deputy Gilkerson related to Ricks that he could smell a distinct odor of marijuana emitting from the vehicle. Ricks then admitted Deputy Gilkerson that he smoked marijuana prior to being stopped. As Deputy Gilkerson awaited a records response on the occupants of his traffic stop, he overheard that Deputy Sauro had initiated a traffic stop on the white Chevrolet Impala that was registered to Herman McGee, the front seat passenger of the vehicle he had stopped. Deputy Sauro had initiated his traffic stop for an unsafe lane change that occurred at the 26 Mile Marker where the vehicle traveled in excess of a mile before stopping at the 28 Mile Marker. Deputy Sauro subsequently identified the driver as Keriyae Simmons and the passenger as Jalyn Holland both of Jacksonville, Florida.

Suspecting that both vehicles were traveling together, Deputy Sauro questioned Simmons about her travel itinerary where she related she was coming from an unknown city in Texas and returning to Jacksonville, Florida. Simmons also denied traveling with any other vehicles. Deputy Sauro noticed Simmons to be very nervous and her equivocations suggested that she was attempting to mislead him. Based on his training and experience, Deputy Sauro suspected that Simmons behavior was indicative of drug trafficking prompting him to ask for consent to search of the vehicle. Simmons denied consent to search of the vehicle resulting in Sauro summoning for assistance. Deputy Brandon Hendry arrived at the location and approached the passenger,

Holland, and instructed her to exit the vehicle. As she exited, Deputy Hendry noticed residual amounts of marijuana in plain view and a distinct odor of marijuana emitting from the vehicle. Deputy Sauro learned of the findings and advised Simmons that a probable cause search would be performed. Simmons denied marijuana use but admitted that persons unknown to her had smoked marijuana in the vehicle while in Texas.

A search was conducted of the vehicle revealing an improvised hidden compartment in the trunk that was empty. A search of the interior yielded a brown paper bag atop the rear seat on the passenger side that contained a loaded .45 caliber handgun and four kilogram packages of suspected cocaine and one opened plastic bag containing several additional ounces of suspected cocaine. Based on the findings, Deputy Sauro detained Simmons and Holland and transported them to the Harrison County Sheriff's Office Workcenter for further investigation. Deputy Gilkerson also transported the subjects of his traffic stop to the Harrison County Jail pending further investigation.

In a post Miranda statement to DEA Task Force Agents Robert Drace and Michael Westbrook, Simmons recanted her statement that she was traveling alone and admitted to traveling with the subjects in the silver Nissan Maxima. Simmons could only identify two of the occupants, one as "Pee Wee" (Herman McGee), the front seat passenger and McGee's cousin only known as Mike (Michael Ricks), the driver of the Nissan Maxima. Simmons claimed that McGee was a club promoter and had solicited them on Tuesday, January 6, 2015 to drive from Jacksonville, Florida to entertain at the V-Live club in Houston, Texas on January 7, 2015 in turn being paid $500.00 for her expenses. Simmons related that she and Holland did visit the V-Live Club in Houston, Texas on Wednesday night and shopped on Thursday in Houston, Texas. Although she could not recall if it was Wednesday or Thursday, Simmons remembered witnessing McGee placing a large sum of currency contained in plastic grocery bags under the hotel bed.

When questioned about the drugs found in the vehicle, Simmons denied any knowledge and reported that she and Holland were awakened by McGee at 3:30 am to depart the Econo Lodge Hotel in Baytown, Texas with the vehicle packed and running in the parking lot and therefore, did not notice items, which included a grocery bag containing drugs as well as the gun in the vehicle. Simmons claimed their bags were placed into the vehicle earlier that night. Simmons related that she and Holland began traveling back to Jacksonville, Florida via Interstate 10 with McGee and the other occupants following.

TFA Drace and TFA Westbrook then traveled to the Harrison County Jail where McGee, Allen, Muller, and Ricks were advised of their rights per Miranda. In a subsequent interview of McGee, he claimed that he and his friends were traveling alone and did not know anything about the white Impala or its occupants. When confronted that the vehicle was registered to him, McGee, recanted his earlier statement and admitted to traveling with Simmons and Holland. McGee related that he was a club promoter and had traveled to Houston, Texas to promote at the V-Live strip club. McGee remained adamant that he had no knowledge of narcotics being in the white Impala registered to him. McGee also denied frequenting Texas as he claimed that he has only taken two trips to Texas in the last 3 months, one of which he claims was to visit a relative.

Allen and Muller stated that they only came on the trip to DJ and rap at the club and did not know the females in the other vehicle. Allen requested an attorney and was not interviewed.

In a subsequent interview conducted by TFA Drace and SA Donald Penny, Simmons divulged that this was her third trip coordinated by McGee dating back to November 2014. Simmons stated on a previous trip, she and Holland traveled to Baytown, Texas in a rental vehicle and McGee and Ricks following behind in a separate vehicle identified as the white Impala. Simmons related the trip was only two days with them going to a hotel while McGee and Ricks departed returning a short while later. The next day everyone departed back to Jacksonville, Florida. Simmons also claimed that McGee and Ricks would always pack the vehicle before the departure and they never observed what was being packed. Simmons was suspicious of the trip believing that drugs were in the vehicle as she smelled a strong odor of marijuana within the vehicle. Simmons described the smell of marijuana to be overwhelming as the smell lingered throughout the entire trip. Simmons said it was at that time that she felt like she and Holland were involved in "trafficking". Simmons added after each trip she and Holland were compensated $500.00.

SA Penny and TFO Drace advised Simmons to provide any details of the trips that raised suspicions of criminal activity. Simmons stated that the trips were always coordinated and had the expenses covered by McGee. McGee would also monitor the driving behavior of Simmons and Holland as to avoid drawing attention from law enforcement. Simmons gave the examples of simultaneous lane switching, speeding, and following to close as behaviors that concerned McGee. Simmons also related that during the stop of McGee and prior her being stopped, McGee contacted her and advised her to immediately exit the interstate. Simmons further related that she would travel only with Holland while McGee and Ricks traveled in a separate vehicle. Simmons concluded by stating that she suspected that narcotics were in the car but she never questioned McGee or Ricks.

During a subsequent interview with Jalyn Holland conducted by SA Penny and TFO Drace, Holland's statement reiterated and coincided with Simmons as to the trip that occurred in November as well as the most recent trip, but was unable to recall the trip in December. Holland advised agents that prior to participating in the trips to Texas, McGee actually informed Holland of his actual intentions for the trips being his involvement in the transportation of drugs from Texas to Florida. She confirmed that she and Simmons were compensated for each trip and that McGee coordinated these trips. Holland also stated that Ricks was present on each of the trips with McGee and Ricks in one vehicle and Holland and Simmons in a separate vehicle. Holland also denied having knowledge that the narcotics were in the vehicle but was suspicious of the trips as she also smelled marijuana in the vehicle during a subsequent trip and observed McGee in possession of large sums of currency on the third trip. Holland recalled observing a large sum of money under the speaker box in a hidden compartment in the trunk while she was retrieving her bags from the trunk. Holland commented to McGee on the large amount of currency and questioned him regarding the amount currency. McGee told her not to worry about it, but that one bag contained thirty thousand dollars. Holland reports that she didn't pursue further questions concerning the large amount of currency due to witnessing McGee's flourishing

female strippers with thousands of dollars as well as numerous purchases of high end clothing as she recalls McGee spending fifteen hundred dollars on a pair of Louis Vuitton shoes.

While at the DEA Gulfport Resident Office, TFA Drace and SA Don Penny conducted a preliminary field test on the suspected cocaine that resulted in a positive reaction for the presence of cocaine. Based on the aforementioned facts and circumstances, TFA Drace arrested Keriyae Simmons, Jalyn Holland, and Herman McGee for Conspiracy to Distribute Cocaine, HCL. TFA Drace has sufficient facts that suggest that McGee has coordinated, funded, and participated in at least three trips to attain controlled substances from Texas to Florida. There is probable cause to identify McGee as a narcotics distributor who has utilized Simmons and Holland as "couriers" to transport cocaine in an attempt to thwart efforts of law enforcement to associate him with the narcotics.

## Conclusion

Based on my experience as a DEA Task Force Agent and the facts listed above involving Keriyae Simmons, Jalyn Holland and Herman McGee, it is my opinion that there is sufficient probable cause to believe that violations of Title 21, United States Code, Section 846, have been committed in the Southern District of Mississippi by Keriyae Simmons, Jalyn Holland and Herman McGee have conspired to distribute in excess 500 grams of Cocaine HCL.

Robert W. Drace
Task Force Agent
Drug Enforcement Administration

Sworn and subscribed to me this 12TH day of JAN, 2015.

United States Magistrate Judge